# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1510V

MAMTA VIJAYASARATHI,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: February 13, 2026

_Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner._

_Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent._

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 24, 2021, Mamta Vijayasarathi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, _et seq._[2] (the "Vaccine Act"). Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of an influenza vaccine she received on September 22, 2019. Petition, ECF No. 1. On March 26, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 76.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $62,061.22 (representing $56,799.70 in fees plus $5,261.52 in costs). Application for Attorneys' Fees and Costs ("Motion") filed December 16, 2025, ECF No. 82. Furthermore, Petitioner filed a signed statement representing that she incurred personal out-of-pocket expenses in the amount of $139.66. ECF No. 83.

Respondent reacted to the motion on December 30, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion. ECF No. 84 at 2-5. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 82 at 35-66. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $62,200.88 (representing $56,799.70 in fees plus $5,261.52 in costs plus $139.66 in Petitioner's out-of-pocket expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                    **s/Brian H. Corcoran**
                                    Brian H. Corcoran
                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

2